UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:13-CV-00049-BR

| | | |
|---|---|---|
| IAN SAMUEL GOTTLIEB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ELLEN GESMER, | ) | |
| JAMES FAISON III, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's *pro se* filing of today. (DE # 6.) The filing is entitled "ex-parte emergency temporary restraining order" and "complaint." It does not name as defendants the same parties as plaintiff's original complaint. (See DE # 1.) As presented, this recent filing would appear to be a new case, except that plaintiff has neither paid the filing fee nor applied to proceed *in forma pauperis* and has not submitted new summonses for issuance. Because of these infirmities and because plaintiff is entitled to amend his complaint once as a matter of right at this time, see Fed. R. Civ. P. 15(a)(1), the court treats the filing as an amended complaint and motion for a temporary restraining order.

The court notes that with the addition of James Faison III, a North Carolina citizen and state court judge, as a defendant, the court does not possess diversity jurisdiction as plaintiff is also a North Carolina citizen. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." (citation omitted)). Plaintiff's reliance upon 28 U.S.C. § 1738A as a basis for jurisdiction, (see DE # 6, at 2), is also unavailing, see Thompson v. Thompson, 484

U.S. 174, 518-20 (1988) (holding that the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A, does not create a cause of action for review of conflicting state child custody decisions). Jurisdiction must rest, if at all, on federal question jurisdiction based on plaintiff's purported claim under 42 U.S.C. § 1983. As the court stated in its 22 March 2013 order, plaintiff has failed to show a likelihood of success on this claim. Nothing plaintiff sets forth in his amended complaint and motion changes the court's opinion that plaintiff is not entitled to immediate injunctive relief. The motion for a temporary restraining order is DENIED.

    This 25 March 2013.

                                  W. Earl Britt
                                  Senior U.S. District Judge